# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNESTO CABRERA, et al., | ) |
| Plaintiffs, | ) |
| | ) 2:06-cv-01285-JCM-LRL |
| v. | ) |
| | ) **O R D E R** |
| MELVIN BALANE, et al., | ) |
| Defendants. | ) |

Before the court is the Petition of Lance Larkin Bohne and Lisa Marie Bohne for the Compromise of an Undisputed Claim of a Minor (#156). The court has considered the Petition, Clark County's Statement of Non-Opposition (#157), and the Petitioners' Notice of Non-Opposition (#158). Based thereon, the court finds as follows:

1. Petitioners are the adoptive parents and legal guardians of Benjamin Robert Bohne (formerly known prior to his adoption as Benjamin Levay Cabrera III) (hereafter "Benjamin"), a male minor child who is five years old. Benjamin was adopted on November 10, 2009. He lives with his parents at 1416 Patrick Thomas Ct., North Las Vegas, Nevada 89086.

2. The underlying dispute that gave rise to Benjamin's claim derives from the June 10, 2006 disappearance of a two-year old female child, Everlyse Cabrera ("Everlyse"), who is Benjamin's only sister. The claims relating to Everlyse's disappearance were litigated before this court in the above-numbered case. In June, 2009, a settlement agreement was reached between plaintiffs and the Clark County defendants. In return for Benjamin's agreement to release the named defendants of all claims related to the disappearance of Everlyse, Clark County agreed to pay to Benjamin, through his attorney Andrew F. Dixon, the sum of $35,000.00, from which a portion may be allocated as attorney's fees

1 payable directly to the law firm of Bowler Dixon & Twitchell, LLP ("BDT").  The retainer agreement
2 between petitioners and BDT provides that petitioners pay a contingency fee to BDT of 33⅓ % of any
3 amount realized from the settlement of Benjamin's potential claim after deduction of litigation expenses
4 and other costs in the amount of $670.29.

5     3. Petitioners understand that upon the court's approval of the proposed compromise, Benjamin
6 will be forever barred and prevented from seeking further recovery or compensation from defendants.

7     4.  Petitioners understand that pursuant to NRS 41.200, upon the court's approval of the
8 proposed compromise, the court must direct that the money be paid to petitioners as parents and
9 guardians of Benjamin, and that the money be placed into a blocked trust account for the benefit of
10 Benjamin.  Petitioners further understand that pursuant to NRS 41.200, petitioners must file with the
11 court proof that the blocked trust account has been established within thirty (30) days after receiving
12 the proceeds of the compromise.

13     5. Petitioners understand that the term "blocked trust account" means an account established
14 in a depository institution in the State of Nevada for the benefit of the minor with restrictions that the
15 money cannot be withdrawn, except:

16     (a) by an order of the court which approved the compromise; or

17     (b) by certification of the court which approved the compromise that the beneficiary has reached
18 the age of eighteen (18) years.

19     6. This compromise settlement of Benjamin's potential claim is fair and reasonable, and is in
20 Benjamin's best interests.

21     Accordingly, and for good cause shown,

22     IT IS ORDERED that the proposed compromise of Benjamin Robert Bohne is hereby approved.

23     IT IS FURTHER ORDERED that Clark County shall forthwith pay to petitioners the sum of
24 $35,000.00 in settlement of Benjamin's potential claim.

25     IT IS FURTHER ORDERED that petitioners shall pay to the law firm of Bowler Dixon &
26 Twitchell, LLP the sum of $670.29 for litigation expenses and other costs incurred in the prosecution

of this matter.

IT IS FURTHER ORDERED that petitioners shall pay to the law firm of Bowler Dixon & Twitchell, LLP attorneys' fees in the sum of $11,443.12, or 33⅓ % of the settlement sum after deduction of the litigation expenses and other costs.

IT IS FURTHER ORDERED that pursuant to NRS 41.200, petitioners shall place the remainder of the money paid to them as parents and guardians of Benjamin, or $22,886.59, into a blocked trust account in a depository institution in the State of Nevada for the benefit of Benjamin, and that petitioners shall file with the court proof that the blocked trust account has been established within thirty (30) days after receiving the proceeds of the compromise.

FINALLY, IT IS ORDERED that no money may be withdrawn from the blocked trust account except by an order of this court or by this court's certification that Benjamin has reached the age of eighteen (18) years.

DATED this 29th day of September, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3