# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNESTO CABRERA, et al., | ) |
| Plaintiffs, | ) |
| | ) 2:06-cv-01285-JCM-LRL |
| v. | ) |
| | ) **O R D E R** |
| MELVIN BALANE, et al., | ) |
| Defendants. | ) |

Before the court is a Petition for Release of Funds and Compromise of Minor's Claim (#142), filed by the law firms of Ganz & Hauf and Mills & Mills, on behalf of Dara J. Goldsmith, Esq. as Guardian ad Litem for a minor child, Everlyse Cabrera (Everlyse). The court has considered the Petition; plaintiffs Ernesto Cabrera and Marlena Olivas's Opposition (#147) and Counter-Motion for Funds to Be Released to Ernesto Cabrera and Marlena Olivas (#148); Petitioners' Reply (#151); Guardian ad Litem Dara J. Goldsmith's Billing (#152 - filed under seal), and the Affidavit of Gregory S. Mills, Esq., in Response to Plaintiff's Opposition to Petition for Release of Funds (#153). Based thereon, the court finds as follows:

1. Petitioner, Dara J. Goldsmith, is the duly appointed Guardian ad Litem for a female minor child, Everlyse Cabrera, who was born on January 26, 2004.

2. On or about January 24, 2006, defendant Clark County Department of Family Services ("DFS") removed Everlyse from the care, custody and control of her parents, plaintiffs Cabrera and Olivas. In April, 2006, DFS placed Everlyse in the care, custody and control of defendants Vilma Carrascal and Manuel Carrascal, as foster parents.

3. On or about June 10, 2006, Everlyse disappeared from the home of defendants Vilma and

1  Manuel Carrascal. Everlyse's whereabouts remain unknown.

2      4. On September 26, 2006, plaintiffs Cabrera and Olivas filed a Complaint against defendants
3  in the Eighth Judicial District Court of Nevada, alleging negligence and civil rights violations under 42
4  U.S.C. § 1983, arising out of Everlyse's disappearance. The case was removed to this court on October
5  12, 2006. On May 8, 2007, plaintiffs filed an amended complaint, in which Everlyse was added as a
6  plaintiff. On June 18, 2007, this court appointed Dara J. Goldsmith as Everlyse's Guardian ad Litem.

7      5. Prior to Everlyse's disappearance, United National Insurance Group ("United National")
8  issued an insurance policy to DFS providing coverage for Foster Parent liability. The policy provided
9  $300,000.00 in coverage for injury to foster children in the care of DFS. Early in this litigation, United
10 National offered its policy limits of $300,000.00 in settlement of the claims against the foster parents,
11 Vilma and Manuel Carrascal. However, when plaintiffs Cabrera, Olivas, and Goldsmith as Everlyse's
12 Guardian ad Litem could not agree upon an appropriate allocation of the $300,000.00, United National
13 obtained court approval to deposit its $300,000.00 liability policy limits with the court, which it did on
14 October 5, 2007. No release has been signed relative to these funds.

15     6. Thereafter, the court approved partial distributions of the United National funds as follows:
16     ● $75,000.00 in attorney's fees to Mills & Mills as payment of its reduced 25% contingency
17 fee agreement with Guardian ad Litem Goldsmith on behalf of Everlyse;
18     ● $13,754.14 in costs incurred by Mills & Mills;
19     ● $5,000.00 to Guardian ad Litem Goldsmith to retain a private investigator to assist in the
20 search for Everlyse.
21     ● $10,000.00 to Guardian ad Litem Goldsmith as additional fees for the private investigator's
22 services.

23     7. There remains on deposit with the court from the funds deposited by United National the sum
24 of $196,245.86.

25     8. On June 15, 2009, plaintiffs Cabrera, Olivas and Everlyse, through her Guardian ad Litem,
26 Goldsmith, reached a settlement agreement with Clark County defendants Vera Sampson, David

Cronister, Amy Jaffe, Susan Rothschild, Nancy McLane, Clark County Department of Family Services and the County of Clark. The full agreement, which has been approved by the Board of County Commissioners of Clark County, Nevada, is attached to the Petition for Release of Funds and Compromise of Minor's Claim (#142) as Exhibit 2. Among the key provisions of the settlement agreement are the following:

- If Everlyse is found alive on or before her 25th birthday, she will receive from Clark County a one-time payment of $250,000.00.
- For future investigative efforts into Everlyse's disappearance Clark County will contribute $25,000.00, which will be monitored under the authority of the Guardianship Court of the Eighth Judicial District Court of Nevada.
- Clark County will contribute $35,000.00 to the Everlyse Cabrera Scholarship Fund for the educational needs of foster children.
- Clark County will contribute $15,000.00 to the North Las Vegas Police Department Everlyse Cabrera Reward Fund.
- Clark County will pay $22,500.00 to plaintiff Cabrera.
- Clark County will pay $22,500.00 to plaintiff Olivas.
- Clark County will pay attorneys' fees in the amount of $75,000.00 to the firms of Ganz & Hauf and Mills & Mills, to be divided as agreed upon by these firms.
- Clark County will pay attorneys' fees in the amount of $25,000.00 to Eric Dobberstein and J.D. Evans, to be divided as agreed upon by these attorneys, for services rendered to Cabrera and Olivas..

    9. The court finds that the Clark County defendants' settlement with plaintiffs Cabrera and Olivas is fair and reasonable.

    10. The court finds that the Clark County defendants' compromise of Everlyse's claim is fair and reasonable, and is in Everlyse's best interests.

    11. The plaintiffs have agreed that the court will determine the appropriate allocation and

distribution of the United National funds remaining on deposit with the court. That amount is $196,245.86. As for how the funds should be distributed, the respective positions of Cabrera and Olivas, on the one hand, and Goldsmith as Everlyse's Guardian ad Litem, on the other hand, are presented in the Petition (#142) and related submissions. Essentially, Cabrera and Olivas request sufficient funds to pay off the loans they received for the dental, medical and living expenses they incurred during the course of this litigation. Petitioner requests that sufficient funds be released to Ganz & Hauf for the costs incurred in the prosecution of this matter, including the costs and fees incurred by Guardian ad Litem Goldsmith. Petitioner further requests that the remainder of the funds be deposited into a Guardianship Trust established and monitored under the authority of the Guardianship Court of the Eighth Judicial District Court. Petitioner further requests that Goldsmith be appointed as trustee of the Guardianship Trust.

12. The court has given careful consideration to the competing positions and interests of the parties. The court notes preliminarily that contrary to the opinions held by Cabrera and Olivas, the Guardian ad Litem has at all times been a vigorous and trustworthy advocate for Everlyse. Goldsmith has conscientiously represented Everlyse's best interests, and her legal expertise has been of considerable assistance to the court.

13. It would be inappropriate to order the release of Everlyse's funds to pay the debts of Cabrera and Olivas, whose neglect of Everlyse set off the chain of events that tragically resulted in her disappearance. If Everlyse is legally determined to be deceased, Cabrera and Olivas, presumably as Everlyse's only heirs, will be entitled to petition for the relief to which they may then be entitled in the probate court.

14. The court has carefully reviewed Ganz & Hauf's list of costs attached to the Petition (#142) as Exhibit 3, and the Guardian ad Litem Billing (#152, filed under seal). The court finds that the costs incurred by Ganz & Hauf in the amount of $16,772.18 are reasonable and necessary. The court further finds that the Guardian ad Litem's fees in the amount of $61,933.50 and costs in the amount of $505.19 are reasonable and necessary.

Accordingly, and for good cause shown,

IT IS ORDERED that the Petition (#142) is granted as follows:

1. The proposed compromise of Everlyse's claims is fair and reasonable, and is hereby approved.

2. The United National funds remaining on deposit with the court in the amount of $196,245.86 shall be distributed as follows:

   a. The sum of $16,772.18 shall be released forthwith to Ganz & Hauf for the costs it incurred in the prosecution of this case;

   b. The sum of $61,933.50 in fees and the sum of $505.19 in costs incurred in the prosecution of this action shall be released forthwith to Dara J. Goldsmith as Guardian ad Litem;

   c. The remainder of the funds in the sum of $117,034.99 shall be deposited into a Guardianship Trust for the benefit of Everlyse Cabrera established and monitored under the authority of the Guardianship Court of the Eighth Judicial District Court.

3. Dara J. Goldsmith shall be appointed as trustee of the Guardianship Trust.

IT IS FURTHER ORDERED that Ernesto Cabrera and Marlena Olivas's Counter-Motion for Funds to Be Released to Ernesto Cabrera and Marlena Olivas (#148) is denied.

DATED this 13th day of October, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**